IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NALANI S. MAHON
12901 PISCATAWAY ROAD,
CLINTON, MARYLAND 20735

   Plaintiff,

v.                Civil Action No.

CULBERT CLEMENT DICKENS
512 BENTWOOD DRIVE,
FORT WASHINGTON, MARYLAND 20744

   And

THE UNITED STATED OF AMERICA

   Defendants.

## COMPLAINT FOR MOTOR VEHICLE NEGLIGENCE

Plaintiff Nalani S. Mahon, by and through her attorney Benjamin T. Boscolo, Michael D. Reiter and ChasenBoscolo Injury Lawyers, respectfully pleads as follows:

**I. PARTIES, JURISDICTION, AND VENUE**

**1.1** This is a motor vehicle negligence case where Defendant Culbert Clement Dickens, while driving a United States Department of Agriculture vehicle crashed into the rear of Plaintiff Nalani Mahon's vehicle.

**1.2** Plaintiff Nalani Mahon is a citizen of the state of Maryland, who resides at 12901 Piscataway Road in the town of Clinton, Maryland.

**1.3** Defendants are the United States of America and Culbert Clement Dickens, a citizen and resident of the state of Maryland.

**1.4** The Federal District Court has jurisdiction of this cause with regard to Defendant Dickens under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the case involves potential damages in excess of $75,000.

**1.5** This Federal District Court has jurisdiction of this cause against the United States of America pursuant to and in compliance with 28 U.S.C §§1346(b), and 2671-2680, commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

**1.6** Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant, and a substantial part of the events or omissions giving rise to the claim occurred on the roads of the District of Columbia which is located in this district.

**II. JURISDICTIONAL PREREQUISITES**

**2.1** Pursuant to Title 28 U.S.C. §§2672 and 2675(a), Plaintiff filed a claim against the United States of America for $3 million with the United States Department of Agriculture office of the General Counsel on May 5, 2014.

The United States Department of Agriculture denied her claim on September 2, 2014. This complaint is filed within six months of the denial of her administrative claim. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

### III. LIABILITY OF THE UNITED STATES OF AMERICA

**3.1** The United States Department of Agriculture is an agency of the United States of America. The United States of America, Defendant herein, through its agency, the United States Department of Agriculture, at all times material hereto, owned the vehicle driven by its agent, Defendant Dickens.

**3.2** This case is commenced and prosecuted against the United States of America pursuant to, and in compliance with, Title 28 U.S.C. §§1346 and 2671-2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injury and resulting damages from the Motor Vehicle Collision of which this complaint is made, were proximately caused by the negligence, wrongful acts, and/or omissions of employees of the United States of America through the United States Department of Agriculture, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the District of Columbia.

### IV. EMPLOYMENT RELATIONSHIPS AND COURSE AND SCOPE

**4.1** At all times relevant to this action, the employee of the United States Department of Agriculture who operated a motor vehicle owned by the United States of America on June 26, 2012, was Culbert Clement Dickens, were acting within the course and scope of such employment.

**4.2** At all times relevant to this action, the United States of America authorized Defendant Dickens to drive motor vehicles owned by the United States during the course of his employment.

### V. FACTS

**5.1** On June 26, 2012, Ms. Mahon was operating her motor vehicle on 17th Street near the intersection with D Street in Northwest Washington, DC. at approximately 11:30 am.

**5.2** Ms. Mahon stopped in the left lane for a pedestrian that was crossing the street in the crosswalk.

**5.3** At the same place and time, Defendant Dickens was operating a motor vehicle owned by the United States Department of Agriculture traveling behind Ms. Mahon.

**5.4** Defendant Dickens failed to control his vehicle and struck Ms. Mahon, pushing her vehicle forward toward the pedestrian in the crosswalk.

### VI. MOTOR VEHICLE NEGLIGENCE

**6.1** At the time of the crash, it was the duty of the Defendant to operate the United States' vehicle in a safe and reasonable manner for the conditions then existing. This duty included, but was not limited to, always making the safest choice while operating the vehicle.

**6.2** At the time of the crash, it was the duty of the Defendant to refrain from needlessly endangering the public.

**6.3** At the time of the crash, it was the duty of the Defendant to observe all vehicular safety rules then and there in effect.

**6.4** At the time of the crash, it was the duty of the Defendant to refrain from needlessly endangering all others on or near the roadway.

**6.5** At the time of the crash it was the duty of the Defendant to react to changing conditions on the road to prevent serious injury to others.

**6.6** At the time of the crash, it was the duty of the Defendant to look straight ahead while driving to prevent serious harm or death to others.

**6.7** At the time of the crash, it was the duty of the Defendant to drive at a safe speed to prevent serious harm or death to others.

**6.8** At the time of the crash, it was the duty of the Defendant to drive at a speed that would allow him to safely apply his brakes to avoid injuring others.

**6.9** At the time of the crash, it was the duty of the Defendant to leave enough space between his vehicle and the vehicle travelling in front of him to prevent serious harm or death to others.

**6.10** At the time of the crash, it was the duty of the Defendant to pay full time and attention to the operation of his motor vehicle to prevent serious harm or death to others.

**6.11** At the time of the crash it was the duty of the Defendant to see all things in plain view to prevent serious harm or death to others.

**6.12** At the time of the crash, it was the duty of the Defendant to yield for pedestrians in the crosswalk to prevent serious harm or death to others.

**6.13** The Defendant breached his duty, needlessly failing to obey safety rules when he did not make the safest choice while operating the United States' vehicle to prevent serious harm or death to others.

**6.14** The Defendant breached his duty by needlessly failing to obey safety rules when he did not refrain from needlessly endangering the public.

**6.15** The Defendant breached his duty by needlessly failing to obey safety rules when he did not observe all vehicular safety rules then and there in effect.

**6.16** The Defendant breached his duty by needlessly failing to obey safety rules when he did not refrain from needlessly endangering all others on the road.

**6.17** The Defendant breached his duty by needlessly failing to obey safety rules when he did not react to changing conditions on the road to prevent serious injury to others.

**6.18** The Defendant breached his duty by needlessly failing to obey safety rules when he did not look straight ahead while driving to prevent serious harm or death to others.

**6.19** The Defendant breached his duty by needlessly failing to obey safety rules when he did not drive at a safe speed to prevent serious harm or death to others.

**6.20** The Defendant breached his duty by needlessly failing to obey safety rules when he did not drive at a speed that would allow him to safely apply his brakes to prevent serious harm or death to others.

**6.21** The Defendant breached his duty by needlessly failing to obey safety rules when he did not leave enough space between his vehicle and the vehicle traveling in front of him to prevent serious harm or death to others.

**6.22** The Defendant breached his duty by needlessly failing to obey safety rules when he did not pay full time and attention to the operation of his motor vehicle to prevent serious harm or death to others.

**6.23** The Defendant breached his duty by needlessly failing to obey safety rules when he did not see all things in plain view to prevent serious harm or death to others.

**6.24** The Defendant breached his duty by needlessly failing to obey safety rules when he did not yield for pedestrians in the crosswalk to prevent serious harm or death to others.

**6.25** The Plaintiff observed all safety rules and neither contributed to or assumed the risk of the Defendant's needless failure to follow safety rules which caused him to collide with the vehicle he was operating.

## VII. DAMAGES

**7.1** As a direct and proximate result of Defendants joint and several negligent acts and/or omissions, Plaintiff has suffered damages, including but not limited to, the following caused by the Motor Vehicle Collision:
   1. Bodily Injury and disfigurement;

  2. The effects of such injuries on the Plaintiff's overall physical health and mental wellbeing;
  3. Past physical pain and suffering;
  4. Physical pain and suffering Plaintiff will probably experience in the future;
  5. Fear, anxiety, depression and mental anguish Plaintiff has suffered;
  6. Fear, anxiety, depression and mental anguish Plaintiff will probably suffer in the future;
  7. Inconvenience Plaintiff has already suffered;
  8. Inconvenience Plaintiff will probably suffer in the future;
  9. Expenses for reasonable care and attention Plaintiff has incurred; and
  10. Expenses for reasonable care and attention Plaintiff will probably incur in the future.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nalani S. Mahon, prays for judgment against Defendants, jointly and severally, in the amount of THREE MILLION DOLLARS ($3,000,000.00), and litigation costs of bringing this action, with interest, or such other relief as this Honorable Court may determine to be fair and just.

Respectfully,

*[signature]*
Thomas Teodori, Esq.
(DC Bar No. 419266)
7852 Walker Drive, Suite 300
Greenbelt, Maryland 20770
301-220-0050
Bboscolo@ChasenBoscolo.com
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Plaintiff requests a trial by jury against Defendant Culbert Clement Dickens and the United Stated Department of Agriculture on all issues.

*[signature]*
Thomas Teodori, Esq.